```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
----------------------------------------x
JEFF PANARELLO,

              Plaintiff,
                                                MEMORANDUM AND ORDER
        -against-
                                                20-CV-3281 (KAM)(SIL)
SUFFOLK COUNTY POLICE; SUFFOLK COUNTY
SUPREME COURT; and GERBER CIANO
KELLY, Defense Insurance,

              Defendants.
----------------------------------------x
```
MATSUMOTO, United States District Judge:

Pro se plaintiff Jeff Panarello brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983").  Plaintiff's application to proceed in forma pauperis is granted.  For the reasons set forth below, the complaint is dismissed, with leave to file an amended complaint within 30 days of the date of this Order.

## BACKGROUND

Plaintiff states that he is disabled and uses a wheelchair.  (ECF No. 1, "Compl.", at 4-5.)  He alleges that he was assaulted by an unnamed police officer in his apartment on April 29, 2020, when the officer pulled him off of a bed to the floor and hurt his shoulder. (Id.)  Plaintiff also alleges that he was denied treatment as a disabled person, but does not specify any action or omission on the part of any party.  (Id.)  He further alleges that he has been kept in a "life threatening situation" with smoke, fire, and black mold and coughing up

blood, but he does not explain who is allegedly responsible for this situation. (Compl. at 6.) He attaches pages from his Medicare Summary Notice showing medical services provided on January 18, 2019 and June 13, 2019. These records include a handwritten notation that "Judge keep me in life threat [sic] situation he knows." (*Id.* at 8.) The complaint, which does not request any specific relief, states, "I want justice for both." (Compl. at 6.)

The court has searched the publicly available database for the New York State Unified Court System and found a lawsuit filed in the New York Supreme Court, Suffolk County under Index Number 0611959/2016, before Justice David T. Reilly. The records indicate that Jeffrey Panarello is the plaintiff in a negligence action against the Town of Huntington Hart Bus Company and other defendants. Panarello is currently unrepresented in that action, and the defendant in that case is represented by the law firm Gerber Ciano Kelly, LLP. *See* [https://iapps.courts.state.ny.us/webcivil/ FCASSearch](https://iapps.courts.state.ny.us/webcivil/ FCASSearch) (last visited 8/6/2020).

## DISCUSSION

### A. Standard of Review

In reviewing the Complaint, the court is mindful that plaintiff is proceeding *pro se* and that "a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Pursuant to the *in forma pauperis* statute, however, the court must dismiss a complaint, or any portion thereof, if it determines that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**B. Eleventh Amendment Immunity**

Plaintiff names the Suffolk Supreme Court as a defendant, but the New York Supreme Court, Suffolk County, is an agency of the State of New York. States and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies and state officials

3

acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Second Circuit has held that state judges acting in their judicial capacity are "entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages." *Sundwall v. Leuba*, 28 F. App'x 11, 12-13 (2d Cir. 2001) (citing *Montero v. Travis*, 171 F.3d 767, 760 (2d Cir. 1999). Plaintiff has not identified any waiver of sovereign immunity that would permit him to bring suit against the State of New York or any of its agencies.[1] Accordingly, all of plaintiff's claims against the Suffolk County Supreme Court are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**C. Constitutional Claims**

Plaintiff's complaint invokes his constitutional rights, a claim which may be cognizable under 42 U.S.C. § 1983. Section 1983 requires that a plaintiff demonstrate that the

---

[1] Even if plaintiff had named the individual judge handling his case in the state court, his claim would be dismissed. It is well-settled that judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted).

4

challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Cornejo v. Bell,* 592 F.3d 121, 127 (2d Cir. 2010).  As the United States Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

      A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Cash v. County. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011), *cert. denied*, 565 U.S. 1259 (2012) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury.") (citation and internal quotation marks omitted).  Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker.  *City of Oklahoma City v.*

5

*Tuttle*, 471 U.S. 808, 823 (1985).

Though the Suffolk County Police Department is a municipal entity, it is not a suable entity because it is an administrative arm of the County of Suffolk. *See Carthew v. Cnty. of Suffolk*, 709 F. Supp. 2d 188, 195 (E.D.N.Y. 2010) ("It is well settled that an entity such as the Suffolk County Police Department is an 'administrative arm' of the same municipal entity as Suffolk County and thus lacks the capacity to be sued."); *Schiff v. Suffolk Cnty. Police Dept.*, 12-CV-1410, 2015 WL 1774704, at *5-6 (E.D.N.Y. Apr. 20, 2015) ("[A]dministrative arms of a municipality cannot be properly sued under § 1983, as the municipality itself is the only proper defendant.").

Nor may plaintiff substitute Suffolk County as a defendant, as the municipality of Suffolk County may not be held liable under Section 1983 unless the plaintiff demonstrates that the constitutional violation complained of was caused by a municipal "policy or custom." *Monell*, 436 U.S. at 691. Plaintiff has not alleged an unconstitutional policy or custom that would confer liability on Suffolk County. Accordingly, plaintiff's claims against the Suffolk County Police Department are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The remaining defendant is a private law firm, opposing counsel in the pending state case. "It is well-settled that private attorneys and law firms . . . do not act under color of state law and are not state actors for purposes of Section 1983 simply by virtue of their state-issued licenses to practice law." *Manko v. Steinhardt,* No. 11-CV-5430 (KAM)(LB), 2012 WL 213715, at *4 (E.D.N.Y. Jan. 24, 2012) (collecting cases); *see Polk County v. Dodson*, 454 U.S. 312, 319 (1981) ("[T]he Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Accordingly, plaintiff's civil rights claims against Gerber Ciano Kelly, LLP are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, all of the named defendants are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). In light of plaintiff's *pro se* status, he is granted leave to file an amended complaint within 30 days from the date of this Memorandum and Order. In order to proceed, he must identify the individual or individuals whom he believes to have been responsible for the alleged deprivation of his constitutional rights. If he does not know the name and

7

badge number of the police officer who allegedly pulled him to the floor on April 29, 2020, he may identify the officer as John or Jane Doe Police Officer #1, or the like, and provide a physical description and details of what the defendant did or failed to do in violation of plaintiff's civil rights.  Any amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order.  Plaintiff is reminded that an amended complaint completely replaces all prior pleadings.

No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days.  If plaintiff fails to file an amended complaint within thirty days of entry of this Order, the complaint will be dismissed, and judgment shall enter.  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to serve the *pro se* plaintiff with a copy of this Memorandum and Order and note service on the docket.

SO ORDERED.

　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　HON. KIYO A. MATSUMOTO
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:   August 19, 2020
         Brooklyn, New York